IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

Opinion Number: 2024-NMCA-076

Filing Date: October 4, 2024

No. A-1-CA-42156

STATE OF NEW MEXICO,

      Plaintiff-Appellee,

v.

ROMAINE BEGAY,

      Defendant-Appellant.

APPEAL FROM THE DISTRICT COURT OF LUNA COUNTY
Jennifer Delaney, District Court Judge

Raúl Torrez, Attorney General
Santa Fe, NM
Tyler Sciara, Assistant Solicitor General
Albuquerque, NM

for Appellee

Mario A. R. Carreon
Las Cruces, NM

for Appellant

OPINION

WRAY, Judge.

{1}    This matter is before us on expedited appeal pursuant to Rule 12-204 NMRA. The district court granted the State's motion for pretrial detention under Rule 5-409 NMRA, and Defendant appeals. Discerning no abuse of discretion, we affirm. Further, we write in this case to explain this Court's understanding and application of our Supreme Court's decision in *State v. Anderson*, 2023-NMSC-019, 536 P.3d 453.

{2}    Our Supreme Court has interpreted Article II, Section 13 of the New Mexico Constitution, to allow "a defendant charged with a felony [to] be detained without bail prior to trial if the [s]tate demonstrates by clear and convincing evidence that (1) the

defendant is dangerous and (2) no release conditions will reasonably protect the safety of any individual or the community." *Anderson*, 2023-NMSC-019, ¶ 1. To determine whether the state has met its burden to justify pretrial detention without bond, district courts are instructed to consider a number of factors, as well as "any fact relevant to the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release and any fact relevant to the issue of whether any conditions of release will reasonably protect the safety of any person or the community." Rule 5-409(F)(6). The district court is afforded great discretion to conduct this balance. *See Anderson*, 2023-NMSC-019, ¶ 34. Nevertheless, the district court must "consider all facts relevant to the detention inquiry" and "must always conduct a totality of the circumstances analysis in reaching a decision on pretrial detention." *Id.* ¶ 60.

**{3}** In the present case, the district court granted the State's motion to detain Defendant. On appeal, Defendant does not challenge the district court's determination of dangerousness. Instead, Defendant argues that the district court did not consider "less restrictive conditions of release rather than incarceration," including the impact of incarceration on Defendant's family and Defendant's lack of criminal history, significant community ties, and resignation from teaching. On appeal, we "reverse a district court's ruling on pretrial detention if the ruling 'is arbitrary, capricious, or reflects an abuse of discretion; is not supported by substantial evidence; or is otherwise not in accordance with law.'" *Id.* ¶ 34 (alteration omitted) (quoting Rule 12-204(D)(2)(b)).

**{4}** Our Supreme Court has directed that when considering whether any conditions of release will reasonably protect the safety of any person or the community, "the district court must consider not only whether a defendant is likely to comply with release conditions but also the likely consequences to any person or the community should a defendant fail to comply." *Anderson*, 2023-NMSC-019, ¶ 58. This evaluation is not independent from, but instead "must be viewed in light of, the magnitude of a defendant's dangerousness." *Id.* ¶ 59. We view this to require that the district court, in considering the efficacy of conditions of release, specifically weigh the defendant's history of committing dangerous crimes together with the dangerousness of the charged crime, the likelihood that the defendant will violate conditions of release, the risks to the community if the defendant does violate conditions of release, and any other relevant circumstances. *See id.* (noting that "the district court must evaluate each case on its particular facts and consider the totality of the circumstances"); Rule 5-409(F) (requiring the district court to consider "any fact relevant" to the inquiries).

**{5}** That balance in the present case involved Defendant's criminal history and convictions for any violent crimes together with any evidence that Defendant might violate conditions imposed on him and the risk to the children of the community should Defendant violate those conditions. In the order, the district court noted Defendant's lack of criminal history and the absence of evidence that Defendant might violate conditions as well as the dangerousness of the charged crime, the evidence supporting the charges, and Defendant's existing relationships with children in the community. To the extent that Defendant argues that the impact of pretrial detention on Defendant's family is relevant, while we do not hold that such an inquiry is required we note that the

district court weighed those facts in the balance. The district court reviewed evidence that Defendant's wife requires assistance with day-to-day tasks and that his son had to attend college remotely to care for her while Defendant was incarcerated. The district court explained that it had considered "how to ensure the community's safety if you were released based on the horrific situation that you've put your family in" but expressed unwillingness to "take the risk" that others would be harmed by Defendant's conduct. This balance, the district court explained at the hearing, rendered the risk to the community too great should Defendant violate conditions of release. As a result, the district court found by clear and convincing evidence that no conditions of release could "be fashioned at this time that would keep the community safe." In light of the whole record, we conclude that the district court's decision is not "unreasonable or without rational basis" and is supported by evidence "that a reasonable mind would find adequate." *See id.* ¶ 34.

**{6}**     We therefore affirm the district court's order granting the State's motion for pretrial detention.

**{7}     IT IS SO ORDERED.**

**KATHERINE A. WRAY, Judge**

**WE CONCUR:**

**KRISTINA BOGARDUS, Judge**

**JACQUELINE R. MEDINA, Judge**